# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONTE JORDAN**
    **Petitioner,**

  **v.**                             **Case No. 08-C-0209**
                                        **(Criminal Case No. 05-CR-104)**

**UNITED STATES OF AMERICA**
    **Respondent.**

## DECISION AND ORDER

Petitioner Donte Jordan filed a motion to vacate his sentence under 28 U.S.C. § 2255, which I summarily denied on March 28, 2008. On May 6, 2008, petitioner filed a motion for reconsideration, in which he again challenges his sentence. I dismiss the motion for reconsideration for lack of jurisdiction. In the alternative, I deny the motion on the merits.

## I. BACKGROUND

Petitioner pleaded guilty to drug conspiracy, 21 U.S.C. § 846, and use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii), and I sentenced him to a total of 216 months in prison. Petitioner took no appeal but moved to vacate his sentence under § 2255, arguing that he was actually innocent of the § 924(c) count. Specifically, he claimed that he could not be held accountable for the use of the firearm because he did not personally carry the gun and was not present at the scene of the shooting. Because petitioner was properly charged with and convicted of aiding and abetting the discharge of a firearm pursuant to 18 U.S.C. § 2, I denied the motion and dismissed the collateral attack. (R. 2 at 2-3.)

## II. JURISDICTION

Federal prisoners are generally entitled to just one round of collateral review under § 2255. Second or successive motions must be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law. See 28 U.S.C. § 2255(h). Additional motions challenging the sentence not so certified must, regardless of the label the prisoner places on the cover, be dismissed by the district court for lack of jurisdiction. See, e.g., Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Petitioner labels the instant motion as one for "reconsideration." However, there is no such thing as a motion for reconsideration under the Federal Rules of Civil Procedure. E.g., Figueroa v. American Bankers Ins. Co. of Florida, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006). Rule 59 provides a vehicle for altering or amending a judgment, but such a motion must be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(e). Motions seeking relief from a judgment filed more than 10 days after entry of judgment, like the instant motion, fall under Fed. R. Civ. P. 60. See Curry v. United States, 307 F.3d 664, 665-66 (7th Cir. 2002).

Rule 60 motions qualify as second or successive collateral attacks if they challenge the prisoner's conviction or sentence, as opposed to some procedural defect in the district court's handling of the case. See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 538 (2005); United States v. Carraway, 478 F.3d 845, 848-49 (7th Cir.), cert. denied, 127 S. Ct. 2895 (2007); United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005). The instant motion points to no procedural flaw in my handling of petitioner's original § 2255 motion. Rather, it challenges his conviction and sentence. Therefore, it must be dismissed for lack of jurisdiction.[1]

---

[1] Petitioner cites Article I, § 9, which prevents suspension of the writ of habeas corpus, and § 2255(e), the so-called "savings clause," which allows a prisoner to use § 2241 if a § 2255

## III. MERITS

In the alternative, I deny the motion on the merits. Petitioner first claims that he entered his guilty plea because his mother had been arrested for something he did, and the government agreed not to prosecute her in exchange for his plea. He contends that the prosecutor used his mother as a bargaining tool during negotiations. But petitioner assured me during the plea colloquy that no threats or promises (aside from those contained in the plea agreement) had been made to get him to plead. Such representations are entitled to a presumption of verity, see, e.g., United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), which petitioner has not overcome. In any event, petitioner states that he does not want to withdraw his plea.

Petitioner next argues a violation of his Fifth Amendment rights because he was charged by information. The Fifth Amendment guarantees that no person shall be held to answer for a felony unless on the indictment of a grand jury. However, this right, like other constitutional rights, can be waived. See, e.g., Smith v. United States, 360 U.S. 1, 6-7 (1959). In the present case, petitioner waived his right to a grand jury indictment, allowing the government to proceed by information. (Case No. 05-CR-104, R. 13 & 43 ¶4.)

Finally, petitioner argues that because he was not indicted under 18 U.S.C. § 2 there can be no reliance on that provision to sustain his conviction. However, petitioner's information

---

motion would be inadequate or ineffective to test the legality of his detention. A prisoner may not rely on the savings clause to avoid the bar on second or successive motions, see, e.g., Montenegro v. United States, 248 F.3d 585, 594-95 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), and enforcement of the rules against repeat collateral attacks does not result in suspension of the writ, see, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996). Petitioner has failed to show that the § 2255 procedure is inadequate or ineffective in his case. He simply is not entitled to relief.

3

clearly cites 18 U.S.C. § 2, the aiding and abetting statute (Case No. 05-CR-104, R. 40 at 2), and as I discussed in my previous decision denying petitioner's original § 2255 motion, the stipulated facts of the case as set forth in the plea agreement easily sustain the conviction under §§ 924(c) & 2 (R. 2 at 2-3). Therefore, even if I were to consider the merits of the arguments petitioner presents in his motion for reconsideration, he would be entitled to no relief.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion (R. 4) is **DISMISSED**. In the alternative, it is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge