# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DONTE JORDAN
        **Petitioner,**

    **v.**                                **Case No. 08-C-0209**
                                                  **(Criminal Case No. 05-CR-104)**

UNITED STATES OF AMERICA
        **Respondent.**

---

## DECISION AND ORDER

Petitioner Donte Jordan filed a motion to vacate his sentence under 28 U.S.C. § 2255, which I summarily denied on March 28, 2008. On May 6, 2008, he filed a motion for reconsideration, which I dismissed for lack of jurisdiction (and denied in the alternative). Petitioner has now filed a notice of appeal from both decisions, so I must consider whether to issue a certificate of appealability ("COA"). See Fed. R. App. P. 22(b).

## I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c).[1] A COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[1]The COA requirement also applies to appeals from a decision on a Fed. R. Civ. P. 60(b) motion in a § 2255 case. See United States v. Carraway, 478 F.3d 845, 849 (7th Cir.), cert. denied, 127 S. Ct. 2895 (2007).

further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA may "issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## II. DISCUSSION

### A.     Original § 2255 Motion

Petitioner pleaded guilty to conspiracy to distribute 500 grams or more cocaine, 21 U.S.C. § 846, and use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii), and I sentenced him to 96 months on the drug count and 120 months consecutive on the firearm count for a total of 216 months in prison. Petitioner took no appeal but moved to vacate his sentence under § 2255, arguing that he was actually innocent of the § 924(c) count. Specifically, he claimed that he could not be held accountable for the discharge of the firearm because he did not personally handle the gun and was not present at the scene of the shooting.

I summarily denied the claim. I first noted that it was doubtful that such a claim of actual innocence – unaccompanied by some alleged constitutional violation – could be brought under § 2255, see, e.g., Ruth v. United States, 266 F.3d 658, 661 (7th Cir. 2001) (citing Herrera v.

2

Collins, 506 U.S. 390, 400-01 (1993)), and that petitioner likely procedurally defaulted the claim by failing to move to withdraw his plea or to otherwise challenge his conviction on appeal, see United States v. Frady, 456 U.S. 152, 167-168 (1982). In any event, I found that the argument failed on the merits. Petitioner was charged with aiding and abetting the discharge of a firearm pursuant to 18 U.S.C. § 2. Someone who aids or abets a crime may be punished as a principal, and aiding and abetting liability under 18 U.S.C. § 2 has been routinely applied in conjunction with 18 U.S.C. § 924(c) to convict individuals of aiding and abetting in using or carrying a firearm. United States v. Golden, 102 F.3d 936, 945 (7th Cir. 1996). As the Seventh Circuit explained in United States v. Daniels, 370 F.3d 689, 691 (7th Cir. 2004):

> A defendant may be held liable for aiding and abetting a violation of § 924(c) if the government proves that the defendant knowingly and intentionally assisted the principal's use or possession of a firearm during a violent felony or drug trafficking offense. The defendant must know, either before or during the crime, that the principal will possess or use a firearm, and then after acquiring knowledge intentionally facilitate the weapon's possession or use.
> . . .
> We have stated that [o]nce knowledge on the part of the aider and abettor is established, it does not take much to satisfy the facilitation element. [E]xamples of conduct that will satisfy the facilitation element [] includ[e] transporting the principal and firearm to the scene of the crime, encouraging others to use a gun in the commission of the underlying crime, and benefitting from the use of a gun.

Id. (internal citations and quote marks omitted).

The facts contained in petitioner's plea agreement, which he admitted were substantially true and correct, were more than adequate to sustain his conviction under an aiding and abetting theory. The plea agreement indicated that on February 5, 2005, at about 10:36 p.m., an associate of defendant's named Aaron Harris called defendant about a "snitch" who lived on 37th Street. Harris said that he wanted to borrow defendant's pistol to "air-up" the informant's house. Defendant knew that Harris meant that he wanted to fire shots into the

3

informant's house.  After receiving Harris's call, defendant contacted an individual named Treon Chambers, who was holding defendant's gun, and told Chambers to provide a gun to Harris.  Several hours later, Chambers gave Harris a gun.  On February 6, 2005, at about 3:05 a.m., using the gun defendant arranged for him, Harris fired eight shots into the informant's house.  (Case No. 05-CR-104, Plea Agreement [R. 43] at 3-4.)  These facts were sufficient to establish both knowledge and facilitation, and I therefore denied petitioner's § 2255 motion.

Jurists of reason would not find this conclusion debatable or wrong.  Setting aside the procedural barriers to relief, petitioner's argument that a § 924(c) conviction requires the defendant to personally handle the gun is simply wrong under controlling Seventh Circuit precedent.  Therefore, no COA may issue on the original § 2255 motion.

## B.      Motion for Reconsideration

In his motion for reconsideration, petitioner raised various additional arguments for collateral relief, and I concluded that the motion constituted an impermissible successive collateral attack.  Federal prisoners are generally entitled to just one round of collateral review under § 2255.  Second or successive motions must be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law.  See 28 U.S.C. § 2255(h).  Petitioner obtained no certification in this case, and additional motions challenging the sentence not so certified must, regardless of the label the prisoner places on the cover, be dismissed by the district court for lack of jurisdiction.  See, e.g., Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Petitioner labeled his motion as one for "reconsideration."  However, I noted that there is no such thing as a motion for reconsideration under the Federal Rules of Civil Procedure.  E.g., Figueroa v. American Bankers Ins. Co. of Florida, 517 F. Supp. 2d 1266, 1270 (D. Colo.

4

2006).  Rule 59 provides a vehicle for altering or amending a judgment, but such a motion must be filed within 10 days of the entry of judgment.  Fed. R. Civ. P. 59(e).  Motions seeking relief from a judgment filed more than 10 days after entry of judgment, like petitioner's motion, fall under Fed. R. Civ. P. 60.  See Curry v. United States, 307 F.3d 664, 665-66 (7th Cir. 2002).

Rule 60 motions qualify as second or successive collateral attacks if they challenge the prisoner's conviction or sentence, as opposed to some procedural defect in the district court's handling of the underlying habeas case.  See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 538 (2005); Carraway, 478 F.3d at 848-49; United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005).  Petitioner's motion pointed to no procedural flaw in my handling of the original § 2255 case.  Rather, it (again) challenged his conviction and sentence.  Therefore, I concluded that it had to be dismissed for lack of jurisdiction.[2]

In the alternative, I denied the motion for reconsideration on the merits.  Petitioner first claimed that he entered his guilty plea because his mother had been arrested for something he did, and the government used his mother as a bargaining tool during negotiations, agreeing not to prosecute her in exchange for his plea.  However, petitioner assured me during the plea colloquy that no threats or promises (aside from those contained in the plea agreement) had been made to get him to plead.  Such representations are entitled to a presumption of verity, see, e.g., United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004), which petitioner failed to

---

[2]Petitioner cited Article I, § 9, which prevents suspension of the writ of habeas corpus, and § 2255(e), the so-called "savings clause," which allows a prisoner to use § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.  However, I noted that a prisoner may not rely on the savings clause to avoid the bar on second or successive motions, see, e.g., Montenegro v. United States, 248 F.3d 585, 594-95 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), and enforcement of the rules against repeat collateral attacks does not result in suspension of the writ, see, e.g., Felker v. Turpin, 518 U.S. 651, 664 (1996).

5

overcome. In any event, petitioner stated that he did not want to withdraw his plea.

Petitioner next alleged a violation of his Fifth Amendment rights because he was charged by information. The Fifth Amendment guarantees that no person shall be held to answer for a felony unless on the indictment of a grand jury. However, this right, like other constitutional rights, can be waived. See, e.g., Smith v. United States, 360 U.S. 1, 6-7 (1959); Fed. R. Crim. P. 7(b). In the present case, petitioner waived his right to a grand jury indictment, allowing the government to proceed by information. (Case No. 05-CR-104, R. 13 & 43 ¶4.)

Finally, petitioner argued that because he was not indicted under 18 U.S.C. § 2 there could be no reliance on that statute to sustain his § 924(c) conviction. However, petitioner's information cited 18 U.S.C. § 2, the aiding and abetting statute (Case No. 05-CR-104, R. 40 at 2),[3] and the stipulated facts of the case as set forth in the plea agreement plainly supported the conviction under §§ 924(c) & 2. Therefore, I found that even if I were to consider the merits of the arguments petitioner presented in his motion for reconsideration, he would be entitled to no relief.

Jurists of reason would not quarrel with my decision on the motion for reconsideration. The motion presented new arguments for collateral relief, contrary to the bar on successive motions, so I had to dismiss it. In any event, the claims contained in the motion lacked any possible merit. Therefore, no COA may issue regarding the motion for reconsideration.

---

[3]In any event, as the Seventh Circuit has held: "Every indictment implicitly includes an aiding and abetting charge; it is unnecessary for an indictment specifically to mention 18 U.S.C. § 2." United States v. Renner, 238 F.3d 810, 814 (7th Cir. 2001).

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

7